IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 1:25-cv-00579-SBP

**GIRMA YILMA,** on behalf of himself and all others similarly situated,

    Plaintiff,

v.

**ATHENA BITCOIN, INC.**

    Defendants.

**DEFENDANT ATHENA BITCOIN, INC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**MEET AND CONFER CERTIFICATION**

The parties met and conferred regarding this motion via a Microsoft Teams meeting on March 18, 2025. The parties discussed the claims and that they largely present legal questions that cannot be corrected by amendment. Plaintiff's counsel indicated they intend to file an opposition to the current motion.

## I.    INTRODUCTION

That plaintiff fell victim to an impersonation scam is unfortunate. But Athena Bitcoin expressly warned plaintiff of that very type of fraud. Despite those warnings, plaintiff continued with his transactions and, in doing so, lied to Athena Bitcoin by checking the box that "the crypto address shown above was generated by myself in a wallet app or service account that I created for myself." Plaintiff includes none of these critical facts when he seeks to hold Athena Bitcoin liable for the impersonation scam perpetrated by third-party criminals. But even accepting plaintiff's partial story, his claims against Athena Bitcoin fail to get out of the starting blocks.

Plaintiff sues Athena Bitcoin first for civil theft. But plaintiff has failed to plausibly allege that Athena Bitcoin committed the crime of theft. Indeed, he cannot because Athena Bitcoin was not the fraudster, and the money received from plaintiff was a fee for service. Count 2 is a claim under Colorado's Consumer Protection Act, and it similarly misses the mark. Again, plaintiff's claim fails to meet the required pleading standard, and he does not, and cannot, plead that Athena Bitcoin knowingly made any false representation that induced plaintiff or anyone else to use its kiosks. Plaintiff's Count 3 is for unjust enrichment, claiming that Athena Bitcoin should not be permitted to keep its transaction fee because plaintiff sent his money to criminals. But it is not unjust for Athena Bitcoin to keep a fee paid to it by plaintiff for a service that he in fact used.

1

Counts 4 (negligence) and 5 (negligent design) fail because both require plaintiff to plead Athena Bitcoin owed him a tort duty to prevent him from being defrauded, but no such duty exists. Additionally, Count 5 requires plaintiff to allege that the alleged design of the kiosks was defective; but plaintiff's allegations show that the kiosks operated as promised, and were, thus, not defective.

For these reasons and the other reasons explained below, the claims against Athena Bitcoin should be dismissed with prejudice.[1]

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he was the target and victim of a recent "Bitcoin ATM Scam" perpetrated on him by an unknown criminal third party. (Compl. ¶¶ 42-68.) More specifically, plaintiff alleges that in late November 2024, after finding that his computer was not working, he called a telephone number allegedly associated with Microsoft technical assistance, spoke to a person claiming to be a Microsoft representative, and gave that scammer remote access to his computer. (*Id.* ¶ 45.) While searching plaintiff's computer, the scammer told plaintiff there were files indicating someone had completed a fraudulent $5,000 purchase using his Wells Fargo bank account. (*Id.* ¶ 46.) That fraudster then connected plaintiff with another fraudster, who identified himself as a Wells Fargo representative. (*Id.* ¶ 47.) That second scammer confirmed the $5,000 fraudulent purchase and instructed plaintiff to purchase eight Apple gift cards, totaling $1,600, to secure some of plaintiff's funds, which plaintiff did. (*Id.* ¶ 48.)

---

[1] Contemporaneously with this motion, Athena Bitcoin is also filing a motion to compel arbitration. Athena Bitcoin makes this motion in the alternative to the extent that the Court declines to compel arbitration

The following day, the scammer called plaintiff and told him to withdraw $20,000 from his Wells Fargo account and purchase Bitcoin at an Athena Bitcoin kiosk. (*Id.* ¶¶ 49-55.) Plaintiff did just that. Two more times over the next few days, the scammer called plaintiff and told him to withdraw funds from his bank accounts and purchase Bitcoin at Athena Bitcoin kiosks. (*Id.* ¶¶ 56-64.) Again, plaintiff complied with those instructions, purchasing $20,000 of Bitcoin on December 2, 2024, and $6,000 of Bitcoin on December 3, 2024. (*Id.*)

Ultimately, plaintiff told his daughter about the scammer and the Bitcoin purchases, and they reported the fraud to the Aurora Police Department, as well as to Wells Fargo and Bellco Credit Union. (*Id.* ¶¶ 65-67.)

Plaintiff does not allege that Athena Bitcoin was the scammer or that it had any relation to the scammers—nor could he. The sole alleged involvement by Athena Bitcoin is that it operated the kiosks that plaintiff used as part of the fraudulent transactions that he made. (*Id.* ¶¶ 21, 115, 134 ("Athena is engaged in the business of placing and remotely operating cryptocurrency ATMs")). Based on these facts—that plaintiff was scammed by unknown criminals and that he used Athena Bitcoin's regulated kiosks to send the Bitcoin—plaintiff filed suit against Athena Bitcoin and the two stores where the Athena Bitcoin kiosks were located.[2] (*See generally* Compl.)

As explained below, plaintiff has failed to state a claim for relief against Athena Bitcoin under any of his claims, and thus his complaint should be dismissed.

---

[2] Plaintiff has since voluntarily dismissed both of these store defendants, Foxfield Wine & Spirits, LLC and Big D Oil Co.

3

**III.   LAW AND ARGUMENT**

    **A.   Standard of Review.**

To avoid dismissal under Rule 12(b)(6), plaintiff's "complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support of *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quotations omitted).

    **B.   Plaintiff's civil theft claim (Count 1) fails because Athena Bitcoin did not obtain plaintiff's property by theft.**

Colorado's Rights in Stolen Property statute permits the owner of property "obtained by theft" to sue the taker and recover damages. C.R.S.A. § 18-4-405. "[T]he General Assembly intended for this statute to require proof of the commission of a criminal act, but not proof of a prior conviction of the defendant as a condition for recovery of treble damages." *Itin v. Ungar*, 17 P.3d 129, 133 (Colo. 2000). For that reason, to state a civil theft claim, plaintiff must plausibly allege all statutory elements of a crime of theft, "including the two culpable mental states: (1) that

4

[Athena Bitcoin] knowingly obtained control over the owner's property without authorization and (2) that [Athena Bitcoin] did so with the specific intent to permanently deprive the owner of the benefit of property." *Id.* at 134. Plaintiff has not pleaded, and cannot plead, that Athena Bitcoin committed theft of plaintiff's property.

First, plaintiff does not plausibly plead either of the two required culpable mental states. Plaintiff concludes that "Athena knowingly received the proceeds of Plaintiff's stolen property," but provides no factual support for that conclusion. Plaintiff does not plead, in even a conclusory fashion, that Athena Bitcoin had the requisite specific intent to permanently deprive plaintiff of his money. Plaintiff's civil theft claim should be dismissed for this reason alone. *See, e.g., Scott v. Scott*, 428 P.3d 626, 633 (Colo. App. 2018) ("a single, conclusory statement that [defendant] acted with the necessary mens rea" was insufficient to state a civil theft claim); *Zivaro, Inc. v. BOHICA Assocs. Corp.*, No. 20-cv-01095-PAG-STV, 2022 WL 218624, at *3 (D. Colo. Jan. 25, 2022) ("No factual allegations in the complaint plausibly support the conclusion that defendant had the requisite specific intent to permanently deprive plaintiff of its property."); *Brightspot Sols., LLC v. A+ Products, Inc.*, No. 20-cv-03335-MEH, 2021 WL 1251512, at *12 (D. Colo. Apr. 5, 2021) (single allegation about defendant's intent was "conclusory and insufficient to establish a civil theft claim").

Moreover, plaintiff pleads that "third-party scammers," not Athena Bitcoin, were the takers of his property. (Compl. ¶ 94 ("Plaintiff was the rightful owner of the funds he withdrew from his bank accounts, which were then stolen through fraud and converted into Bitcoin by *third-party scammers*") (emphasis added)). And to the extent that Athena Bitcoin received any property from plaintiff, his allegations demonstrate that at the time Athena Bitcoin obtained plaintiff's

5

money, it had authorization to do so as a fee for the service provided to plaintiff. (*Id.* ¶¶ 23, 94.) Thus, Athena Bitcoin did not obtain plaintiff's money by theft; it received a fee for a service that was sought out by and provided to plaintiff. "A cause of action for civil theft cannot lie where a plaintiff receives legitimate services based on mutual agreement to pay for those services." *Alvarez v. Adtalem Educ. Grp., Inc.*, No. 19-cv-04079-JSW, 2019 WL 13065378, at *5 (N.D. Cal. Dec. 16, 2019); *see also AdTrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2018 WL 3428525, at *9 (N.D. Cal. July 13, 2018) ("Google lawfully received fees under the parties' mutual agreement and thus it did not receive stolen property").

Finally, Count 1 fails because Athena Bitcoin did not receive property that was "obtained by theft," as the Rights in Stolen Property statute requires. C.R.S.A. § 18-4-405. Instead, plaintiff alleges that he was the "rightful owner of the funds" when he withdrew them from his bank account and input them into the Bitcoin kiosks. (Compl. ¶ 94.) According to him, the theft occurred when the property was converted to Bitcoin and sent to the third-party scammers. (*Id.*) Thus, even if lawfully charged fees could somehow be property "obtained by theft," the money was not stolen when plaintiff deposited it into the kiosk, and when Athena Bitcoin received the transaction fee. Plaintiff's civil theft claim fails for this reason as well.

    **C.**    **Plaintiff has not plausibly alleged the elements of a Colorado Consumer Protection Act ("CCPA") claim (Count 2).**

To plead a CCPA claim, plaintiff must allege that (1) Athena Bitcoin "engaged in an unfair or deceptive trade practice;"[3] (2) the deceptive practice occurred in the course of Athena Bitcoin's

---

[3] While the caselaw often uses the phrase "unfair or deceptive," the text of the statute only "condemns 'deceptive trade practice[s]'." *Flores v. Bank of Am., N.A.*, No. 18-CV-2527-WJM-KLM, 2019 WL 2470923, at *13 (D. Colo. June 13, 2019) (citing C.R.S.A. § 6-1-105(1))

6

business; (3) the deceptive practice "significantly impacts the public as actual or potential consumers" of Athena Bitcoin's services; (4) plaintiff "suffered injury in fact to a legally protected interest;" and (5) the deceptive practice caused plaintiff's injury. *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998). "All elements of a CCPA claim must be met; otherwise, the claim fails as a matter of law." *HealthONE of Denver, Inc. v. UnitedHealth Group Inc.*, 805 F. Supp. 2d 1115, 1120 (D. Colo. 2011). Moreover, a claim for a violation of the CCPA "must meet the heightened pleading requirements under Rule 9(b) to prove a deceptive or unfair trade practice." *Id.* at 1120-21. Rule 9(b) requires the plaintiff plead "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

Additionally, Colorado's Supreme Court has explained that if a plaintiff identifies Section 6-1-105(1)(e) as the basis for an alleged violation, "to establish a deceptive trade practice, the plaintiff must show that a defendant 'knowingly makes a false representation.'" *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Listing, Inc.*, 62 P.3d 142, 147 (Colo. 2003). "[A] false representation must either induce a party to act, refrain from acting, or have the capacity or tendency to attract consumers." *Id.* "A misrepresentation, which is a false or misleading statement that induces the recipient to act or refrain from acting, is actionable when it is made either with knowledge of its untruth, or recklessly and willfully made without regard to its consequences, and with an intent to mislead and deceive the plaintiff." *Id.* (quotations omitted).

---

(discussing whether CCPA in fact prohibits practices that are unfair *but not* deceptive). Plaintiff does not plead unfairness as a basis for this cause of action; however, if plaintiff seeks to amend, then Athena Bitcoin will argue that the CCPA is limited to deceptive trade practices and that the language using the term "unfairness" is dicta.

7

As an initial matter, plaintiff has failed to plead his CCPA claim with the required specificity. He does not plead "the time, place and contents of the false representation, the identity of the party making the false representations and the consequences thereof." *Koch*, 203 F.3d at 1236; *see also Carrado v. Daimler AG*, No. 17-cv-3080-WJM-SKC, 2018 WL 4565562, at *5-6 (D. Colo. Sept. 24, 2018) (dismissing CCPA claim because plaintiff "fail[ed] to plead that Defendants engaged in an unfair or deceptive trade practice with the particularity required under Rule 9(b)"). The CCPA claim should be dismissed for this reason alone.

But not only has plaintiff failed to meet the heightened pleading standard, plaintiff has failed to plead the elements of a CCPA claim at all. Analysis of plaintiff's CCPA claim shows that it is nothing more than a repackaging of his negligence and civil theft claims. Plaintiff claims that Athena Bitcoin "engaged in deceptive practices by (1) failing to implement policies and operational safeguards to prevent … fraudulent schemes"; and (2) "retaining possession of the stolen cash." (Compl. ¶ 105.) Those are not deceptive trade practices as defined by the CCPA.

The closest plaintiff comes to pleading anything under the CCPA is identifying one of the deceptive trade practices listed in Section 6-1-105(1)(e)—"recklessly making a false representation as to the characteristics, uses, and benefits of a service"—and then concluding that Athena Bitcoin "misrepresent[ed] to Plaintiff and Class Members that a refund of any kind is not possible." (Compl. ¶¶ 103, 112.) But, again, these allegations are insufficient. Under the CCPA's first element, plaintiff has still not pleaded facts showing that this statement is knowingly false; that Athena Bitcoin made the statement with an intent to mislead consumers; that this statement induced him—or anyone else—to act or refrain from acting; or that this false statement would attract consumers. In fact, telling consumers that a refund of any kind of a Bitcoin purchase is not

8

possible (which is true) is not the type of statement that would attract consumers; if anything, it would deter consumers from purchasing Bitcoin.

In addition to failing to plead a deceptive practice, plaintiff does not even attempt to explain how the statement about refunds caused him an injury—also a key element of a CCPA claim.

Accordingly, plaintiff's CCPA claim should be dismissed.

### D. Plaintiff's unjust enrichment claim (Count 3) fails because there is nothing unjust about Athena Bitcoin retaining a fee for a service that was provided.

"Under Colorado law, to establish a claim of unjust enrichment a plaintiff must show that '(1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying.'" *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1130 (10th Cir. 2008) (quoting *DCB Constr. Co., Inc. v. Cent. City Dev. Co.*, 965 P.2d 115, 119-20 (Colo. 1998)). "The concept of unjust enrichment centers attention on the prevention of injustice[.]" *Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc.*, 821 P.2d 788, 795 (Colo. 1991) (quotation omitted).

When a plaintiff receives services or value for the benefit conferred upon defendant, he is not entitled to compensation on the ground of unjust enrichment. *See, e.g., Van Zanen*, 522 F.3d at 1130-31 (Colorado law; dismissing unjust enrichment claim because plaintiffs "received value for their money and [] in the absence of any unfair detriment, there is no injustice to prevent"); *Gordon v. Chipotle Mexican Grill, Inc.*, 344 F. Supp. 3d 1231, 1249 (D. Colo. 2018) ("It is undisputed that Plaintiffs received the … services for which they paid. Defendant was therefore not unjustly enriched by retaining Plaintiffs' payments."); *Flores v. Bank of America, N.A.*, No. 18-cv-2527-WJM-KLM, 2019 WL 2470923, at *16 (D. Colo. June 13, 2019) (dismissing unjust enrichment claim because plaintiff concedes that she "*receiv[ed] services* in exchange for money") (emphasis

9

in original). Because plaintiff received the promised service in exchange for the fee he agreed to pay Athena Bitcoin as part of the transactions, it is not unjust for Athena Bitcoin to retain that fee.

The New York appellate division's decision in *He v. Apple*, 189 A.D.3d 1984 (N.Y. App. Div. 2000), is instructive. In *He*, the plaintiff was defrauded by individuals posing as federal tax officials, who telephoned plaintiff, claimed she had unpaid taxes, and instructed her to make payment by providing redemption codes for iTunes gift cards she purchased. *Id.* at 1984. Plaintiff purchased several thousand dollars of gift cards and gave the redemption codes to the third-party scammers. *Id.* After realizing that she had been scammed, she filed a police report and demanded a refund from Apple for the gift cards she purchased. *Id.* When Apple refused, plaintiff filed a lawsuit against it for fraud, unjust enrichment, and negligence. *Id.* In analyzing whether it would be unjust for Apple to retain the money plaintiff paid for the purchase of the gift cards, the court explained "although Apple profited from plaintiff's purchase of gift cards, there is nothing inherently inequitable in it making money from a legitimate transaction." *Id.* at 1986. Because plaintiff failed to plead facts demonstrating it would be inequitable for Apple to keep the profits— "such as Apple playing a role in her falling victim to the scammers or having promised to make her whole in the event that she did"—the court found that plaintiff failed to state a claim for unjust enrichment. *Id.*

The same is true here. All that plaintiff has alleged is that Athena Bitcoin received a fee, which plaintiff consented to, for providing a service to plaintiff, which plaintiff used. Plaintiff's unjust enrichment claim should be dismissed.

### E. Count 4 (negligence) fails because Athena Bitcoin did not owe plaintiff a duty to protect him from third-party criminals.

To state a negligence claim against Athena Bitcoin, plaintiff must allege that Athena Bitcoin owed him a duty of care. *Molosz v. Hohertz*, 957 P.2d 1049, 1051 (Colo. App. 1998) ("When there is no duty, there can be no actionable negligence."). Whether a duty exists in any particular case is a question of law for the Court. *Perreira v. State*, 768 P.2d 1198, 1208 (Colo. 1989).

Plaintiff claims that Athena Bitcoin has failed and refused to "prevent, intervene, mitigate or deter the use of [Bitcoin kiosks] in fraudulent activity," like the scam perpetrated on plaintiff. (Compl. ¶ 6; *see also id.* ¶ 129 ("Athena breached its duties to Plaintiff and the Class by negligently, recklessly, and knowingly failing to implement checks and procedures both at its ATMs and internally that would effectively intervene, mitigate, or deter the use of its ATMs in scams such as the one in this case.").) Plaintiff thus seeks to impose a duty on Athena Bitcoin "to prevent the financial exploitation of elderly adults" by third-party criminals. (*Id.* ¶ 125.)

"Generally, in the absence of special circumstances, the law does not impose a duty upon a person to take action for the protection of another even if it is reasonably apparent that such action is necessary to protect the other person from injury or peril." *Perreira*, 768 P.2d at 1208. Courts recognize "a distinction between claims based on a defendants' failure to act (i.e., nonfeasance) and claims based on a defendant's active misconduct (i.e., misfeasance)." *N.M by and through Lopez v. Trujillo*, 397 P.3d 370, 374 (Colo. 2017). In nonfeasance cases, a duty may be recognized "in situations involving a limited group of special relationships between the parties": "(1) common carrier/passenger, (2) innkeeper/guest, (3) possessor of land/invited entrant, (4) employer/employee, (5) parent/child, and (6) hospital/patient." *Id.* (quotations omitted). Courts

11

"decline[] to impose a duty of care in cases involving a defendant's nonfeasance, absent a special relationship between the parties." *Id.*

Plaintiff's negligence claim is one of nonfeasance, seeking to hold Athena Bitcoin responsible for its alleged failure to act. (*See, e.g.,* Compl. ¶ 5 ("Athena has failed to implement policies and operational safeguards to prevent its Bitcoin ATMs from continuing to serve as instrumentalities for these crimes."); ¶ 7 ("Athena has [] failed to make any real effort to detect and stop impersonation scams using its Bitcoin ATMs"); ¶ 6[4] ("Due to Defendants' negligent, reckless, and knowing failure and refusal to implement appropriate and sufficient checks and procedures to prevent, intervene, mitigate, or deter the use of its BTMs in fraudulent activity, the Plaintiff has lost thousands of dollars or more in just mere minutes."); ¶ 33 ("Athena has failed to remediate the extreme danger that its Bitcoin ATMs have posed to seniors and other vulnerable populations."); ¶ 34 ("Athena has failed to implement design, operational, and policy changes that would preclude such [impersonation scams]"); ¶ 129 ("Athena breached its duties to Plaintiff and the Class by negligently, recklessly, and knowingly failing to implement checks and procedures as its ATMs and internally that would effectively intervene, mitigate, or deter the use of its ATMs in such scams as the one in this case.").) Therefore, "any duty that [Athena Bitcoin] owed to the plaintiff would need to be grounded on a special relationship between [Athena Bitcoin] and the plaintiff." *N.M by and through Lopez*, 397 P.3d at 374.

Plaintiff does not allege that his relationship to Athena Bitcoin fits within any of the six special relationships recognized by the Colorado Supreme Court. *See id.* Under Colorado law,

---

[4] After ¶ 10 of the Complaint, plaintiff began renumbering the Complaint paragraphs starting from 6. The paragraph referred herein is the second ¶ 6 in the Complaint.

Athena Bitcoin thus owed no duty of care to plaintiff to prevent him from being defrauded by third-party criminals.

Plaintiff also argues that an uncited section of the Patriot Act, presumably plaintiff means 31 U.S.C. § 5318 of the Bank Secrecy Act, creates a duty on Athena Bitcoin to prevent him from being defrauded. (Compl. ¶ 126.) This is not accurate. The Know Your Customer rules section of the Patriot Act does not include a private right of action and only creates "a duty flowing from banks to the government." *Kent Grp. Partners, LLC v. Citizens Bank, Nat'l Ass'n*, 688 F. Supp. 3d 608, 615-16 (N.D. Ohio 2023); *see also Med. Supply Chain, Inc. v. US Bancorp, NA*, 112 F. App'x 730, 731 (10th Cir. 2004) (affirming trial court's "finding no private right of action under the USA Patriot Act"). For these reasons, it is established that this section of the Patriot Act also does not create tort duties. *See Kent Grp. Partners, LLC*, 688 F. Supp. 3d at 616 (holding Patriot Act did not create a duty flowing from bank to victim of wire fraud); *In re Agape Litig.*, 681 F. Supp. 2d 352, 360 (E.D.N.Y. 2010) ("because the Bank Secrecy Act does not create a private right of action, the Court can perceive no sound reason to recognize a duty of care that is predicated upon the statute's monitoring requirements"); *Belle Meade Title & Escrow Corp. v. Fifth Third Bank*, 282 F. Supp. 3d 1033, 1039 (M.D. Tenn. 2017) ("Numerous courts have held that the statutes upon which the plaintiff relies do not create a private right of action.").

Because Athena Bitcoin had no duty to prevent plaintiff from being defrauded by a third-party, the Court should dismiss Count 4 for failure to state a claim.

### F. Plaintiff's negligent design claim (Count 5) fails because the kiosks operated as intended.

Count 5 of plaintiff's complaint asserts a claim for negligent design. (Compl. ¶¶ 132-146.) Plaintiff's negligent design claim is once again a mere repackaging of its negligence claim, and plaintiff fails to plead the necessary elements to survive dismissal of this claim.

This district has previously explained in the context of a negligent design claim that "[t]o establish a prime facie case for negligence, regardless of the specific theory, Colorado law requires a plaintiff to establish: [i] the existence of a legal duty owed by the defendant to the plaintiff; [ii] breach of that duty; and [iii] a sufficient causal relationship between the defendant's breach and the plaintiff's injuries." *Mariani v. Titeflex Corp.*, No. 13-cv-01720-MSK-BNB, 2014 WL 3402514, at *7 (D. Colo. July 10, 2014) (quotation omitted). And when a plaintiff is alleging a design defect, as plaintiff does here, "[r]egardless of whether a product liability action is grounded in negligence or strict liability, a plaintiff must prove that the product was defective." *Mile Hi Concrete, Inc. v. Matz*, 842 P.2d 198, 205 (Colo. 1992).

Plaintiff has failed to plead any of the requirements of his negligent design claim. He has not alleged, plausibly or otherwise, any duty to design the kiosk software as plaintiff alleges Athena Bitcoin should have, nor does he allege that Athena Bitcoin breached any such duty.

But most importantly, plaintiff's allegations identify no actual design defect with the kiosks. What plaintiff has alleged is that the kiosks did exactly what they were intended to do—exchange the physical currency put into the machine into cryptocurrency, which were credited into a Bitcoin wallet. (*See* Compl. ¶ 16 (explaining the purpose of the kiosks is to allow customers to "convert[] cash to BTC [Bitcoin] cryptocurrency, which is credited to an untraceable online account called a 'wallet.'").)

14

There are no facts that plaintiff could assert against Athena Bitcoin related to a design defect with a kiosk that operated as promised. Plaintiff's negligent design claim should be dismissed.

## IV. CONCLUSION

For the above reasons, Athena Bitcoin respectfully requests this Court dismiss all claims against it pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice.

Dated: March 21, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

*/s/Sammantha J. Tillotson*
Sammantha J. Tillotson (#50267)
stillotson@bakerlaw.com
1801 California Street, Suite 4400
Denver, CO 80202-2662
T: 303.861.0600

Terry Brennan (Pro hac vice forthcoming)
tbrennan@bakerlaw.com
Sam A. Camardo
scamardo@bakerlaw.com
Kendall C. Kash
kkash@bakerlaw.com
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
T: 216.861.2000

*Counsel for Athena Bitcoin, Inc.*

**CERTIFICATE OF SERVICE**

   This is to certify that on March 21, 2025, the foregoing document was electronically filed with the Court via CM/ECF and served via electronic mail upon the following:

Marita I. Ramirez
Brian D. Flick
Marc E. Dann
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
mramirez@dannlaw.com
bflick@dannlaw.com
notices@dannlaw.com

*Via email:*

Allen R. Jones III
Resolve Law Group
885 Arapahoe Ave.
Boulder, CO 80302
allen@resolvelawgroup.com

                  */s/Sammantha J. Tillotson*

16