IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00579-DDD-SBP

GIRMA YILMA, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

ATHENA BITCOIN, INC.,

    Defendant.

---

**ORDER ON MOTION TO STAY (ECF No. 26)**

---

**Susan Prose, United States Magistrate Judge**

    This matter is before the court on defendant Athena Bitcoin, Inc.'s ("Athena") Motion to Stay Discovery Pending Ruling on Motion to Compel Arbitration, ECF No. 26 ("Motion to Stay" or "Motion") after it was referred by United States District Judge Daniel D. Domenico to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Order Referring Motion, ECF No. 28. Athena asks the court to stay all discovery until Judge Domenico rules on its Motion to Compel Arbitration, ECF No. 19. Plaintiff Girma Yilma is opposed. Brief in Opposition, ECF No. 34 ("Response"). For the reasons below, the Motion to Stay is **GRANTED**.

    While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings while a motion to compel arbitration is pending, Rule 26(c) does permit the court, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Richan v. Ageiss, Inc.*,

1

No. 22-cv-01060-NYW, 2022 WL 2643565, at *2-3 (D. Colo. July 7, 2022). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In deciding whether to stay discovery, courts in this District typically consider five factors, known as the *String Cheese* factors: 1) the plaintiff's interests in expeditiously litigating the "action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). For the reasons set forth below, the court concludes that, on balance, the *String Cheese* factors indicate that a stay of discovery is appropriate.

***Plaintiff's Interests in Proceeding Expeditiously***. In the typical case, a plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously." *Sanchez v. City & Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). In response to the Motion to Compel Arbitration, Plaintiff challenges the existence and enforceability of the purported arbitration agreement that Athena seeks to enforce. *See generally* Brief in Opposition, ECF No. 31. Throughout his Response to the Motion to Stay, Plaintiff makes various iterations of the argument that a stay would result in prejudice by denying him the ability to factually support his defenses to the Motion to Compel Arbitration. *See* Response at 5-10.

It appears that Plaintiff misapprehends the contours of the stay sought by Athena. The Motion to Stay specifically asks the court to stay discovery pending Judge Domenico's ruling on the Motion to Compel Arbitration. Motion at 2 ("[Athena] requests a stay of discovery pending the Court's ruling on its Motion to Compel Arbitration."). Nowhere does Plaintiff profess a need to engage in discovery before responding to the Motion to Compel Arbitration. *See generally* Response; *see also* Brief in Opposition. In fact, Plaintiff filed his Brief in Opposition to that motion *before* filing his Response to the Motion to Stay. Although Plaintiff seeks a jury trial on the issue of whether to compel arbitration, *see* Demand for Trial by Jury, ECF No. 33, until Judge Domenico determines that he is unable to decide the Motion to Compel Arbitration absent further factual development or finds that a trial is necessary, this court fails to identify any unique prejudice to Plaintiff if discovery is stayed pending Judge Domenico's ruling.

As a result, the first *String Cheese* factor supports a stay. *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010) ("Plaintiffs do have a general interest in their case proceeding expeditiously. However, this general interest is not sufficient to overcome other factors that weigh in favor of a stay."); *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *2 (D. Colo. Apr. 6, 2007) (finding no undue prejudice to plaintiff where stay does not "hinder . . . future ability to fully engage in discovery").

**The Burden on Athena**. The second *String Cheese* factor assesses whether discovery would place an *undue* burden on a defendant, and the ordinary discovery burdens associated with litigation generally do not constitute an undue burden. *See, e.g.*, *Collins v. Ace Mtg. Funding, LLC*, No. 08-cv-01709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008). However,

3

"requiring a defendant to proceed with discovery while a motion to compel arbitration is pending may cause an undue burden on the defendant. 'It is in both parties' interests to save expenses while the initial determination of whether this case is subject to arbitration is considered by the district court.'" *Richan*, 2022 WL 2643565, at *3 (cleaned up) (citing *Stone*, 2010 WL 148278, at *2; quoting *Grosvenor v. Qwest Commc'ns Int'l, Inc.*, No. 09-cv-02848-WDM-KMT, 2010 WL 1413108, at *1 (D. Colo. Apr. 1, 2010)). In the absence of a stay, should Judge Domenico grant the Motion to Compel Arbitration, any discovery conducted will have been wasteful. As such, the second factor weighs in favor of a stay.

*The Convenience to the Court*. A court may be inconvenienced by an "ill-advised stay" that can delay the prosecution of a case and make a court's docket less predictable. *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008). At the same time, the court is equally, if not more, inconvenienced when it is called on to resolve discovery disputes that may ultimately be immaterial should a case proceed to arbitration. *See Richan*, 2022 WL 2643565, at *3 (citations omitted). While not decisively so, the court concludes that the third factor does support a stay.

*Interests of Non-Parties and the Public*. In this case, neither side has identified significant interests of non-parties; thus, the fourth factor is neutral. *Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (where no party had identified non-party interests, the fourth *String Cheese* factor was neutral). Finally, "[t]here is a strong federal policy favoring arbitration for dispute resolution," *Cherry Creek Card & Party Shop, Inc. v. Hallmark Mktg. Corp.*, 176 F. Supp. 2d 1091, 1095 (D. Colo. 2001), and permitting discovery before a court can resolve a motion to compel arbitration may have the effect of

4

undermining that policy, meaning that the fifth *String Cheese* factor leans in support of a stay. *See Richan*, 2022 WL 2643565, at *4.

*    *    *

In sum, the court finds that the *String Cheese* factors, considered together, favor a stay. Accordingly, the court **GRANTS** the Motion to Stay, ECF No. 26, and hereby **STAYS** all discovery until the court has ruled on the Motion to Compel Arbitration.[1]

DATED: May 9, 2025                           BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").