**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.: 1:25-cv-00579-SBP

**GIRMA YILMA,** on behalf of himself and all others similarly situated,

Plaintiff,

v.

**ATHENA BITCOIN, INC.**

Defendants.

---

**REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

---

Plaintiff's allegations of third-party misconduct are unfortunate. But they do not relieve him of the legal consequences of accepting Athena Bitcoin's Terms of Service. Plaintiff assented to an enforceable clickwrap agreement. Defenses to validity—however labeled—are resolved by the arbitrator. And regardless, plaintiff's challenges lack merit.

**A. Plaintiff agreed arbitration when he clicked accept.**

Plaintiff admits he "click[ed] through" the prompts that were displayed to him, including the Terms of Service. (Dkt. 31-1 ¶ 30; Dkt. 19-1 ¶¶ 8, 12.) Courts routinely enforce these types of agreements regardless of the customer's subjective intent or belief. *See Davis v. USA Nutra Labs*, 303 F. Supp. 3d 1183, 1192 (D.N.M. 2018) ("whether Plaintiff understood the meaning of Groupon's Terms of Use is immaterial"); *McGuire v. CarMax Bus. Servs. LLC*, 2024 WL 3897073, at *15 (D. Colo. Aug. 16, 2024) (collecting cases).

While plaintiff argues there was "insufficient manifestation of assent," (Dkt. 31 at 5), he does not explain why clicking accept was insufficient. He does not dispute the evidence Athena Bitcoin offers. Instead, plaintiff's argument is devoted to duress and fraud. (*See id.* at 5-8.)

**B. Plaintiff's defenses are for the arbitrator.**

Plaintiff argues that because he challenges the "formation of *any* contract between the parties," his arguments are for the Court to decide. Plaintiff is correct that formation issues are for the Court to decide. But a contract was formed when plaintiff clicked accept. Whether he can invalidate it because he was confused or under duress is a validity question. His own description of the law says as much: "In such a case [i.e., where a party did not intend to assent], the resulting contract may be voidable because of fraud, duress . . . or other invalidating cause." (Dkt. 31 at 6 (quotation omitted).)

It is established that "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006). *See also Rent-A-Ctr., Inc. v. Jackson*, 561 U.S. 63, 72 (2010); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967).

Plaintiff does not identify any fraud or duress related to the delegation provision (or even the arbitration provision), so his arguments are for the arbitrator. Courts have routinely held as much—including in a similar case brought against a cryptocurrency kiosk provider. *See Mooneyham v. Bitcoin Depot, Inc.*, 2025 WL 641722, at *5 n.4 (D.S.C. Feb. 27, 2025) ("Plaintiff's duress argument is not among those outside of the holding in *Buckeye*."); *SBRMCOA, LLC v. Bayside Resort, Inc.*, 707 F.3d 267, 274 (3d Cir. 2013); *Tolliver v. True*, 2007 WL 2909393, at *3 (D. Colo. Sept. 28, 2007); *Neville v. Terminix Int'l Co.*, 2006 WL 8457070, at *4 (D. Md. July 28, 2006) (all same).

While plaintiff labels his fraud theory "fraud in the factum," plaintiff's theory is properly characterized as fraud in the inducement, which "arises from [a] misrepresentation that leads one to enter a contract with a false impression of the risks, duties, or obligations involved." *Solymar Invs., Ltd. v. Banco Santander, S.A.*, 672 F.3d 981, 995 (11th Cir. 2012) (quotation omitted). In contrast "fraud in the factum arises when a legal instrument executed differs from the one intended for execution." *Id.* (quotation omitted). Plaintiff alleges the criminal misrepresented the transaction. (*See* Dkt. 31-1 ¶ 24.) He does not allege the criminal said anything false about the Terms of Service. (*See id.* ¶¶ 20-32.) Thus, plaintiff's allegations "do not relate to the execution of the contract, but instead to the[] obligations thereunder," making his claim one for fraud in the

inducement. *Solymar*, 672 F.3d at 995. The FAA "does not permit [a] federal court to consider claims of fraud in the inducement of the contract generally." *Prima Paint*, 388 U.S. at 404.

Even if plaintiff alleged facts supporting potential fraud in the factum, the Court should align with courts holding that this argument, like fraud in the inducement, is for the arbitrator. *Compare Fox Int'l Rels. v. Fiserv Secs., Inc.*, 418 F. Supp. 2d 718, 724 (E.D. Pa. 2006) (fraud in the factum for arbitrator because defense challenged contract as a whole), *and C.B.S. Emps. Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 912 F.2d 1563, 1567-68 (6th Cir. 1990) (same), *with Weis Builders, Inc. v. Kay S. Brown Living Tr.*, 236 F. Supp. 2d 1197, 1203-04 (D. Colo. 2002) (fraud in the factum decided by court because it voids contract).

The Tenth Circuit's approach in *Spahr v. Secco*, 330 F.3d 1266 (10th Cir. 2003), supports this result. Under *Spahr*, a mental capacity argument is for the court because, "[u]nlike a claim of fraud in the inducement, which can be directed at individual provisions in a contract, a mental capacity challenge can logically be directed only at the entire contract." *Id.* at 1273. The Tenth Circuit declined to adopt the void/voidable distinction applied by some courts and instead considered whether it was possible to target the defense to the arbitration provision. *Id.* at 1272 n. 7 & 1273.

Unlike mental capacity, duress and fraud, whether in the factum or inducement, can be targeted at an arbitration provision. A party can lie about whether a contract includes an arbitration provision or use duress to force a party to agree to an arbitration provision. Plaintiff does not argue either happened, so his challenge is to the contract as a whole and is for the arbitrator.

Plaintiff also relies on the Supreme Court's decision in *Coinbase, Inc. v. Suski*, 602 U.S. 143 (2024). (*See* Dkt. 31 at 9.) This reliance is misplaced. *Coinbase* addressed conflicting

contracts—one requiring arbitration; one selecting California courts. Here, there is a single Terms of Service that plaintiff accepted. No ambiguity exists as to what governs.

Moreover, *Coinbase* did not change the long-standing rule of *Prima Paint*. *See* 602 U.S. at 152 (if only on contract is at issue, "then, absent a successful challenge to the delegation provision, courts must send all arbitrability disputes to arbitration"); *see also Baxter v. Miscavige*, 2024 WL 3597120, at *3 (M.D. Fla. July 31, 2024) ("*Coinbase's* holding does not constitute an intervening change in the law[.]"); *S.T.G. ex rel. Garcia v. Epic Games, Inc.*, 752 F. Supp. 3d 1200, 1210 (S.D. Cal. 2024) (same).

Plaintiff's validity challenges are to the entire agreement. They are thus for the arbitrator.

### C. Plaintiff fails to raise a material issue of disputed fact on fraud or duress.

Plaintiff urges the Court to order discovery and ultimately hold a jury trial on his fraud and duress arguments. (Dkt. 31 at 5; Dkt. 33.) Plaintiff lumps his arguments on duress and "fraud in the factum" together (Dkt. 31 at 6-8), but they are different defenses with different elements. Neither allows plaintiff to avoid his contract with Athena Bitcoin based on the undisputed facts in the record. So even if these arguments were for the Court, arbitration should still be compelled.

Plaintiff cannot establish duress for the basic reason that *Athena Bitcoin* did not put him under duress. *See Vitakis-Valchine v. Valchine*, 793 So. 2d 1094, 1096 (Fla. Dist. Ct. App. 2001) (actions of third party insufficient to establish duress). It neither defrauded nor threatened him—an unknown criminal did. Athena Bitcoin addressed this issue in its opening brief. (Dkt. 19 at 14-15.) Plaintiff ignored the argument. (*See* Dkt. 31 at 6-8.)

Plaintiff also does not offer facts supporting fraud in the factum. "Fraud in the factum is rare and occurs when a legal instrument as actually executed differs from the one intended for

execution by the person who executes it, or when the instrument may have had no legal existence, such as when a blind person signs a mortgage when misleadingly told that the paper is just a letter." *Price v. Lakeview Loan Servicing, LLC*, 2021 WL 1610097, at *5 (M.D. Fla. Apr. 26, 2021) (quotation omitted); *see also Browning v. Fla. Hometown Democracy, Inc., PAC*, 29 So. 3d 1053, 1061 n.4 (Fla. 2010) (citing Black's Law Dictionary for similar definition); *Castleglen, Inc. v. Resol. Tr. Corp.*, 984 F.2d 1571, 1578 (10th Cir. 1993) (citing Restatement (Second) of Contracts § 163 for similar definition).

The fraud at issue must go to "the nature of the *document*"—not the transaction—and the plaintiff must have had no reasonable opportunity to read the document. *Deutsche Bank Tr. Co. Americas v. Samora*, 321 P.3d 590, 598 (Co. Ct. App. 2013) (emphasis in original); *see also Solymar*, 672 F.3d at 995 (same). A "party's failure to read a contract does not support a claim of fraud in the factum." *Melo v. Falls Mgmt. Servs.*, 2019 WL 5291007, at *3 (S.D. Fla. July 11, 2019); *see also Perfect Place, LLC v. Semler*, 426 P.3d 325, 334-35 (Co. 2018) (party not "excusably ignorant if he or she had reasonable opportunity to obtain knowledge about the document").

First, plaintiff does not allege that he was deceived about the nature of the Terms of Service. Plaintiff says he "had no understanding or belief . . . that [he] would be receiving any services or entering into a contractual relationship with Athena." (Dkt. 31-1 ¶ 26.) But he claims that this belief was because the criminal told him that Wells Fargo had a secure account with Athena Bitcoin, not because the scammer told him the "Terms of Service" document displayed in front of him—which says "If you do not agree to these Terms, do not use our Services"—was something other than a contract with Athena Bitcoin. (Dkt. 19-1 ¶¶ 3-4 & 8.)

Second, plaintiff had a reasonable opportunity to learn what he was agreeing to. The document was displayed on a large screen, was titled "Terms of Service," and had large "Decline" and "Accept" buttons. (*Id.* ¶ 8.) Thus, even if the fraudster had lied to plaintiff about the nature of the document, plaintiff still could not claim fraud in the factum because all he had to do was take a cursory review of the Terms of Service to realize what he was agreeing to. (*See id.* ¶ 8.)

Courts decline to find fraud in the factum in these circumstances. For example, in *Royal Ins. Co. of Am. v. BHRS, LLC*, 333 F. Supp. 2d 1293, 1297 (S.D. Fla. 2004), the court declined to find fraud in the factum because if the party had "simply taken the time to even quickly read the document before signing it, he would have easily been able to ascertain the nature of the document as well as the terms and conditions described therein." In fact, "most courts have held that when the plaintiff is given the opportunity to review the contract containing the arbitration agreement, there can be no fraud in the factum, even if the defendant misrepresented the legal effect of signing the document." *Whisenhunt v. Ameracat, Inc.*, 731 F. Supp. 3d 1279, 1295 (S.D. Ala. 2024).

The Court should likewise decline to allow plaintiff to void a contract that he easily could have read before he clicked accept.

**D. Athena Bitcoin did not waive its right to compel arbitration.**

Plaintiff argues that Athena Bitcoin waived its right to compel arbitration by simultaneously pursuing merits relief. (Dkt. 31 at 10-14.) Athena Bitcoin has since filed a motion to hold the motion to dismiss in abeyance, and the Court granted that motion. (*See* Dkt. Nos. 35 & 37.) While Athena Bitcoin never intended to simultaneously pursue merits relief (as further explained in the motion to hold the motion to dismiss in abeyance), the Court's deferral of the

motion to dismiss confirms that Athena Bitcoin's only request before the Court is for it to compel arbitration. Plaintiff's waiver argument should thus be considered moot.

Moreover, plaintiff was wrong on waiver to begin with. A party waives the right to compel arbitration if it "knowingly relinquish[es] the right to arbitrate by acting inconsistently with that right." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022). Athena Bitcoin's filing of a motion to dismiss was never inconsistent with arbitration because Athena Bitcoin requested dismissal "in the alternative to the extent that the Court declines to compel arbitration." (Dkt. 20 at 2 n.1.) In fact, it is "well-established that a party does not waive its right to arbitrate merely by filing a motion to dismiss." *O'Connor v. BMW of N. Am., LLC*, 2020 WL 5260416, at *4 (D. Colo. July 23, 2020) (quotation omitted).

Plaintiff cites no authority to the contrary. The Tenth Circuit's decisions in *Gramercy Distressed Opportunity Fund II L.P. v. Piazza*, 2023 WL 6296948 (10th Cir. May 10, 2023) and *Conrad v. Phone Directories Co.*, 585 F.3d 1376 (10th Cir. 2009), address appellate jurisdiction. *Conrad* addressed the scope of appealable motions under the FAA, and *Gramercy* applied this ruling to hold that a defendant forfeits the right to interlocutory appeal if its conduct seeks "to see whether the district court is receptive to its merits arguments before deciding whether to appeal the denial of a request to compel arbitration." 2023 WL 6296948, at *2.

That is what happened in *Gramercy*, and is not what is happening here—particularly after the Court granted the motion to hold the motion to dismiss in abeyance. In *Gramercy*, the defendants filed an omnibus motion making several arguments, one of which was arbitration, and the district court issued one opinion addressing all the arguments. *See Gramercy Distressed Opportunity Fund II, L.P. v. Bakhmatyuk*, 2022 WL 3091501 (D. Wyo. July 7, 2022); *see also*

Defendants' Mot. to Dismiss, 2022 WL 3044601. In plaintiff's other cases, the defendants sought dismissal on the merits, and only after being unsuccessful sought to compel arbitration. *See Solo v. United Parcel Serv. Co.*, 947 F.3d 968, 975 (6th Cir. 2020); *White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334, 340 (3d Cir. 2023); *Khan v. Parsons Glob. Servs.*, 521 F.3d 421, 427 (D.C. Cir. 2008).

Here, in contrast, Athena Bitcoin's first request is arbitration and Athena Bitcoin made clear that it seeks a Rule 12 dismissal *only if* arbitration is denied. So unlike *Gramercy*, Athena Bitcoin has never simultaneously pursued merits relief that would waive an interlocutory appeal, much less its request of the Court to compel arbitration.

Plaintiff also makes passing reference to removal. But removing a case is not inconsistent with arbitration and thus courts have held that it does not waive the right to compel arbitration. *See Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008) (removal does not waive right to arbitrate); *Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 371 (6th Cir. 2014) (same); *Hudson v. Peak Med. N.M. No. 3 LLC*, 2022 WL 2904378, at *2 (D.N.M. July 22, 2022) (same). Nor are cases addressing waiver of the right to remove by seeking dismissal in state court relevant—that issue governed by a different standard. (*See* Dkt. 31 at 13.)

What is relevant are the factors that the Tenth Circuit applies on this issue, which, other than prejudice, remain good law and generally consider whether a party has acted inconsistent with its right to arbitrate. *Peterson v. Shearson/Am. Exp., Inc.*, 849 F.2d 464, 467-68 (10th Cir. 1988); *see also Myers v. Papa Texas, LLC*, 749 F. Supp. 3d 1165, 1177 (D.N.M. 2024) (*Peterson* factors other than prejudice still govern). Athena Bitcoin's first request was to arbitrate, it only seeks dismissal if arbitration is not compelled, and it has sought to stay discovery. None of these actions

are inconsistent with arbitration. Athena Bitcoin notified plaintiff of its intent to arbitrate on March 10, 2025, less than a month after removing the case and only 45 days after being served with the complaint, moving to compel 11 days later—or 56 days after being served. Very little has happened in the litigation and Athena Bitcoin, through its motion to stay discovery and motion to hold the motion to dismiss in abeyance, has tried to keep it that way.

* * *

For the above reasons and the reasons set forth in Athena Bitcoin's opening brief, the Court should compel arbitration and stay this case pending the result of that arbitration.

Dated: May 16, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

*/s/ Sammantha J. Tillotson*

Sammantha J. Tillotson (#50267)
stillotson@bakerlaw.com
1801 California Street, Suite 4400
Denver, CO 80202-2662
T: 303.861.0600

Terry Brennan (Pro hac vice forthcoming)
tbrennan@bakerlaw.com
Sam A. Camardo
scamardo@bakerlaw.com
Kendall C. Kash
kkash@bakerlaw.com
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
T: 216.861.2000

*Counsel for Athena Bitcoin, Inc.*

**CERTIFICATE OF TYPE-VOLUME COMPLIANCE**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Sammantha J. Tillotson*

**CERTIFICATE OF SERVICE**

This is to certify that on May 16, 2025, the foregoing document was electronically filed with the Court via CM/ECF and will be served via the Court's e-filing system.

*/s/ Sammantha J. Tillotson*