**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 1:25-cv-00579-SBP

**GIRMA YILMA,** on behalf of himself and all others similarly situated,

Plaintiff,

v.

**ATHENA BITCOIN, INC.**

Defendants.

---

**DEFENDANT ATHENA BITCOIN INC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

Though Athena Bitcoin's motion to dismiss being held in abeyance pending the Court's ruling on Athena Bitcoin's motion to compel arbitration, Athena Bitcoin submits this reply brief to complete the motion to dismiss briefing according to the briefing schedule. (*See* Dkts. 25, 37.)

**A. Civil Theft (Count 1): Plaintiff has not and cannot plead knowledge and specific intent—the two required mental states to plead a civil theft claim.**

Plaintiff fails to address Athena Bitcoin's arguments demonstrating he has failed to plausibly allege a civil theft claim. He identifies no allegations showing that Athena Bitcoin had the two requisite mental states, and ignores that he has pleaded third-party scammers stole his property and that he authorized the fee-for-service to be paid directly from plaintiff to Athena Bitcoin.

Instead, plaintiff argues that the Court should simply infer that Athena Bitcoin had the knowledge to retain stolen funds and intended to deprive him of his property. (Dkt. 32 at 5.) Plaintiff's argument fails.

First, that is not the law in Colorado. The Colorado Supreme Court has made it clear that to state a claim for civil theft plaintiff must allege both culpable mental states: (1) knowing control of the property without authorization and (2) specific intent to deprive plaintiff of his property or use inconsistent with plaintiff's benefit. *See Itin v. Ungar*, 17 P.3d 129, 133 (Colo. 2000).

Additionally, the cases relied upon by plaintiff do not support his assertion that he has sufficiently pleaded civil theft. Two of the cases cited by plaintiff reinforce the point that to plead theft plaintiff must plead both knowledge and intent. *See People v. Treat*, 568 P.2d 473, 475 (Colo. 1977) ("the requisite elements are knowing control, either without authorization or by threat or deception, and one of the three types of intent."); *People v. Marciano*, 411 P.3d 831, 840 (Colo. App. 2014) (citing prior version of C.R.S.A. § 18-4-401) (same). The other three cases analyze

theft and forgery claims in the context of whether sufficient evidence had been presented at trial or a probable cause hearing to find the defendants had committed crimes, and, accordingly, are irrelevant here. *See Poe v. People*, 428 P.2d 77 (Colo. 1967); *People v. Lawrence*, 487 P.3d 1066 (Colo. App. 2019); *People v. Pedrie*, 727 P.2d 859 (Colo. 1986).

Plaintiff's allegations make clear that in effect what he wants is for Athena Bitcoin to return the fee that he authorized Athena Bitcoin to retain when he used its services. That is not a claim sounding in civil theft. Count 1 should be dismissed.

**B. Colorado Consumer Protection Act (Count 2): Plaintiff has not plausibly alleged the elements of a CCPA claim, nor has he met Rule 9(b)'s required pleading standards.**

Plaintiff's opposition brief only highlights his failure to plead his CCPA claim with the particularity required under Rule 9(b).[1] The alleged misrepresentation that plaintiff cites as the fraud is that cash inserted into Athena Bitcoin's kiosks is "irreversibly" transferred. (Dkt. 32 at 7.) Plaintiff claims that the "place" of that statement was at Athena Bitcoin's kiosks. (*Id.*) But plaintiff does not identify who made the alleged statement, who the statement was made to, or any information about the circumstances of how a statement was made at the kiosk. As to the "time," plaintiff states Athena Bitcoin had "awareness of fraudulent use since at least 2018." (*Id.*) Such allegations do not allege the who, what, when, where, and how sufficient to "afford [Athena Bitcoin] fair notice of plaintiff's [CCPA] claims and the factual grounds upon which they are based." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quotation omitted).

---

[1] Notably, the cases cited by plaintiff in this section of his opposition analyze Colorado's state court civil rules as opposed to Federal Rule of Civil Procedure 9(b) that applies here.

Plaintiff also has not shown that his Complaint contains plausible allegations establishing the CCPA's five elements. Plaintiff concedes that to plead a deceptive trade practice, the first element, he must plausibly allege "a false or misleading statement made with knowledge of its untruth, or recklessly and willfully made without regard to its consequences, and with an intent to mislead and deceive the plaintiff." (Dkt. 32 at 8 (*citing Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1120 (10th Cir. 2008) (quotations omitted)).) Plaintiff identifies a single alleged misstatement—that cash deposited into Athena Bitcoin's kiosks was irreversibly exchanged. (Dkt. 32 at 8 (citing Compl. ¶¶ 7, 72-73).) But he does not identify any pleaded facts plausibly showing that Athena Bitcoin made that statement with knowledge or recklessly, or that Athena Bitcoin had the requisite intent to mislead and deceive plaintiff when making any such statement. Nor did he identify any fact indicating that this alleged misstatement was made to "induce a party to act, refrain from acting, or [had] the capacity or tendency to attract customers." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (Colo. 2003).

Plaintiff also has not pointed to any facts in support of his claim that Athena Bitcoin's statement caused his injury. *See Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998). Plaintiff appears to claim that "Plaintiff's financial loss stemmed directly from … [Athena Bitcoin's] misrepresentation of 'irreversible' transactions." (Dkt. 32 at 9.) This does not make sense. Athena Bitcoin said that a transaction will not be reversed, and then, in fact, did not reverse the transaction. Even if a transaction *could* be reversed (which it cannot), plaintiff's allegations demonstrate that he was not induced to make the transactions based on any statement by Athena Bitcoin, but rather in reliance on instructions from fraudsters. (Cite.)

Accordingly, plaintiff's CCPA claim should be dismissed.

**C. Unjust Enrichment (Count 3): Because plaintiff paid Athena Bitcoin a fee for service, his unjust enrichment claim fails.**

Plaintiff twice acknowledges in his opposition that "receiving a service typically precludes unjust enrichment claims." (Dkt. 32 at 9-10.) Nevertheless, he urges the Court to find that his case presents extraordinary circumstances such that the Court should depart from established law. According to plaintiff, those extraordinary circumstances are that Athena Bitcoin's kiosks have insufficient safeguards and are used in scams and that Athena Bitcoin profited through plaintiff's transactions. (Dkt. 32 at 9-10.) Plaintiff is wrong.

First, plaintiff cites no authority in support of his claims that such circumstances override established case law holding that when a plaintiff receives services for the benefit conferred, unjust enrichment is improper. And in fact, the "extraordinary circumstances" plaintiff cites are substantially the same to the facts in *He v. Apple Inc.*, in which a court found that a plaintiff failed to state a claim for unjust enrichment. 189 A.D.3d 1984, 1986 (N.Y. App. Div. 2000).

Additionally, the cases relied upon by plaintiff do not support his argument. First, *Ninth District Production Credit Ass'n v. Ed Duggan, Inc.*, a case about when an unjust enrichment claim can be asserted between unsecured and secured creditors, simply states that "[t]he concept of unjust enrichment centers attention on the prevention of injustice," but does not otherwise stand for any proposition asserted by plaintiff. 821 P.2d 788, 795 (Colo. 1991) (quotation omitted).

And *DCB Constr. Co. v. Central City Dev. Co.*, 965 P.2d 115 (Colo. 1998), does not include any of the language quoted in plaintiff's brief that it attributes to the case. Instead, the court in *DCB Construction Co.* found that the plaintiff had failed to state a claim for unjust enrichment because, though the defendant had retained the benefit, it "did not engage in any type of improper, deceitful, or misleading conduct." *Id.* at 122-23. The court explained that without "some type of

improper, deceitful, or misleading conduct" by the defendant, there could be no injustice, and thus, no unjust enrichment. *Id.*

The same analysis applies here. All that plaintiff has alleged is that plaintiff paid a fee to Athena Bitcoin for a service that he received. He has identified no improper, deceitful, or misleading conduct from Athena Bitcoin, as opposed to the third-party criminals, in the course of plaintiff paying that fee. Plaintiff's unjust enrichment claim should be dismissed.

**D. Negligence (Count 4): Plaintiff cannot identify a duty that Athena Bitcoin owed Plaintiff.**

Despite framing his Complaint as a story of Athena Bitcoin's failure to act to protect seniors from third-party scammers, plaintiff now claims his case is about Athena Bitcoin's active misconduct. (Dkt. 32 at 11.) According to plaintiff, Athena Bitcoin's active misconduct is "operating Bitcoin ATMs without adequate safeguards." (*Id.*) But plaintiff does not cite any case law indicating that operating a business, that is then abused by criminals, is sufficient to establish a duty to the public, and enacting such a rule would create liability for vendors of automated services without any legislative guidance. Moreover, a rule like that would be contrary to Colorado law that "in the absence of special circumstances, the law does not impose a duty upon a person to take action for the protection of another even if it is reasonably apparent that such action is necessary to protect the other person from injury or peril." *Perreira v. State*, 768 P.2d 1198, 1208 (Colo. 1989).

More importantly, the fact that Athena Bitcoin operates Bitcoin kiosks is not what harmed the plaintiff, nor is it the source of the alleged duty. His Complaint is clear on this fact: "Athena has assumed a duty to Plaintiff and the Class to take reasonable steps to prevent the financial exploitation of elderly adults taking part in whole or in part at its Bitcoin ATMs." (Compl. ¶ 125.)

This proposed duty to prevent criminal activity to plaintiff and other elders is evidenced throughout plaintiff's Complaint: "Defendant assumed a duty to ensure that its efforts to prevent, intercept, and mitigate elder financial abuse through its ATMs were reasonable." (*Id.* ¶ 6.); "Athena assumed a duty to ensure that its efforts to prevent, intercept, and mitigate financial abuse through its Bitcoin ATMs were reasonable." (*Id.* ¶ 28.); "Defendants had a legal duty to Plaintiff and the Class to exercise due care to intervene, prevent, mitigate, and/or deter the use of Athena Bitcoin ATMs in financial scams." (*Id.* ¶ 81.); "Athena breached its duties to Plaintiff and the Class by negligently, recklessly, and knowingly failing to implement checks and procedures both at its ATMs and internally that would effectively intervene, mitigate, or deter the use of its ATMs in scams such as the one in this case." (*Id.* ¶ 129.). Plaintiff's own opposition demonstrates that this is a case about inaction—"The Plaintiff believes that *Athena's failure to implement* these safeguards, combined with their knowledge of the risks, actively crated a risk of harm to users, including himself." (Dkt. 32 at 4. (emphasis added).)

Because this is a case of nonfeasance, a duty can only be established if plaintiff and Athena Bitcoin were in one of six identified special relationships. *N.M. ex rel. Lopez v. Trujillo*, 397 P.3d 370, 374 (Colo. 2017). The parties do not fit within any of those relationships—a fact that plaintiff does not dispute. Instead, plaintiff asks this Court to create a new special relationship between financial institutions and its customers. (Dkt. 32 at 11-12.) Plaintiff again cites no authority in support of his position that this Court should extend a duty to an entirely new relationship, nor does he make any argument about why a relationship between a financial institution and customer requires this expansion of Colorado law—a drastic request for a federal court. *See Amparan v. Lake Powell Car Rental Cos.*, 882 F.3d 943, 948 (10th Cir. 2018) (federal courts "are generally

reticent to expand state law without clear guidance form the state's highest court for it is not the federal court's place to expand state law beyond the bounds set by the highest court of a state.") (quotation and alterations omitted). Simply put, plaintiff and Athena Bitcoin are not one of the special relationships under Colorado law for which a duty will be recognized in cases of nonfeasance, and his negligence claim should be dismissed.

Plaintiff next urges the Court to find a duty arising out of the Bank Secrecy Act, arguing that a statutory violation can support a negligence claim. (Dkt. 32 at 12.) But plaintiff's argument ignores the multiple cases cited in Athena Bitcoin's opening brief, holding that "[t]he Know Your Customer rules section of the Patriot Act . . . only creates 'a duty flowing from banks to the government.'" (Br. at 13 (quoting *Kent Grp. Partners, LLC v. Citizens Banks, Nat'l Ass'n*, 688 F. Supp. 3d 608, 615-16 (N.D. Ohio 2023) (listing cases finding no duty to public).) And though the cases cited by plaintiff may have permitted negligence per se claims for violation of distinct statutes in different circumstances, they do not overturn the numerous decisions from courts throughout the country holding that the Patriot Act does not create a duty flowing from bank to victim for fraud. *See, e.g., Spitzer Mgmt., Inc. v. Interactive Brokers, LLC*, 2013 WL 6827945, at *2-3 (N.D. Ohio Dec. 20, 2013) (explaining the obligations under the Patriot Act flow from the financial institutions to the government and finding no duty to plaintiff under the Act) (listing cases); *In re Agape Litig.*, 681 F. Supp. 2d 352, 360 (E.D.N.Y. 2010) (same); *Armstrong v. Am. Pallet Leasing Inc.*, 678 F. Supp. 2d 827, 874 (N.D. Iowa 2009) (same).

Plaintiff then identifies a third alleged source of a duty to support his negligence claim against Athena Bitcoin—a duty to protect users from foreseeable risks under C.R.S.A. § 24-10-106.5. As an initial matter, plaintiff did not plead this alleged duty in his Complaint, and "a Plaintiff

cannot use his response brief to attempt to amend the complaint by adding new allegations or new claims." *Rahman v. Billingsly*, 2023 WL 2018905, at *6 (D. Colo. Feb. 14, 2023). But even if Plaintiff had included allegations about this alleged duty in his Complaint, it would still fail. C.R.S.A. § 24-10-106.5 says nothing about creating a general duty under negligence when a person voluntarily assumes a duty to protect from foreseeable risks, as plaintiff alleges. Instead, C.R.S.A. § 24-10-106.5 sets forth an explanation about governmental/sovereign immunity and the duty of care owed by public entities and public employees in certain scenarios. It has no bearing on the facts here or Athena Bitcoin's operations.

Plaintiff has not, and cannot, identify any duty that Athena Bitcoin had to plaintiff to protect him from the criminal acts of a third party. His negligence claim must be dismissed.

**E. Negligent Design (Count 5): Plaintiff has not pleaded any of the elements of a negligent design claim.**

The parties agree that to plead a negligent design claim plaintiff must plead a duty, breach of that duty, causation, damages, and a defective design. (Dkt. 32 at 13.) But plaintiff does not point to a single allegation about any duty to design the kiosks or how Athena Bitcoin breached any alleged duty. In fact, other than in conclusory fashion, plaintiff's argument in support of his negligent design claim does not include the words "duty" or "breach." Nor does plaintiff identify any allegations about how the Bitcoin kiosks were defective, like mechanical failure or interface error. The Bitcoin kiosk functioned as intended: exchanging cash for cryptocurrency using a user-supplied address. Without a defect, there is no negligent design.

Instead, plaintiff uses his opposition to focus on what he claims is the "unreasonably dangerous" design of the Bitcoin kiosks. (Dkt. 32 at 13-14.) But plaintiff's argument misses the mark. First, the case relied upon plaintiff, *Barton v. Adams Rental Inc.*, 938 P.2d 532, 536-37

(Colo. 1997), is about a strict liability design defect claim—not negligent design, the claim that plaintiff has brought. Moreover, plaintiff has not cited any case, nor does Athena Bitcoin know of any, indicating that if a product is considered unreasonably dangerous, then that is sufficient to plead a negligent design claim.

Plaintiff's failure to plead any of the five required elements of a negligent design claim, plausibly or otherwise, requires dismissal of Count 5.

**F. Conclusion**

For the above reasons, Athena Bitcoin respectfully requests this Court dismiss all claims against it pursuant Fed. R. Civ. P. 12(b)(6) with prejudice.

Dated: May 16, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

*/s/ Sammantha J. Tillotson*

Sammantha J. Tillotson (#50267)
stillotson@bakerlaw.com
1801 California Street, Suite 4400
Denver, CO 80202-2662
T: 303.861.0600

Terry Brennan
tbrennan@bakerlaw.com
Sam A. Camardo
scamardo@bakerlaw.com
Kendall C. Kash
kkash@bakerlaw.com
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
T: 216.861.2000

*Counsel for Athena Bitcoin, Inc.*

**CERTIFICATE OF TYPE-VOLUME COMPLIANCE**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Sammantha J. Tillotson*

**CERTIFICATE OF SERVICE**

This is to certify that on March 16, 2025, the foregoing document was electronically filed with the Court via CM/ECF and will be served via the Court's e-filing system.

*/s/ Sammantha J. Tillotson*